**BOBO, Plaintiff-Appellee, v. RADCLIFFE, et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3213.   Decided April 7, 1948.

W. P. Barnum and Morris D. DeVorkin, Youngstown, for plaintiff-appellee.

William E. Lewis, Youngstown, for defendants-appellants.

## OPINION

By PHILLIPS, J.

In his action filed in the court of common pleas, in which the parties waived trial by jury and submitted the case appealed from to the trial judge, plaintiff sought to recover from defendant, an Ohio duly incorporated self-governing. religious society (unanswerable to any other or superior ecclesiastical authority), and its trustees salary in the amount. of $79.17 due him to March 1; 1947, for services rendered as. pastor of defendant, The Shiloh Baptist Church, for which amount defendants offered to confess judgment, and for $450.00 allegedly due him as salary for the three months succeeding his dismissal on that date as pastor of such church, which dismissal he alleged violated a verbal agreement of the parties and the constitution and bylaws of defendant church to give him three months notice of dismissal or in lieu thereof to pay him three months salary.

Defendants appealed to us on questions of law from a. judgment entered by the trial judge for plaintiff in the amount of $529.00 upon his finding made in that action.

Article IV, Section 1, of the Constitution and Bylaws of defendant church in effect on the date of such agreement. provides:—

"A pastor may be called by a majority vote of members. present at any regular business meeting. His term of office shall be indefinitely." (Sic).

Article IX of such Constitution and Bylaws provides that:—

"This Church shall be governed by the rules and regulations. as laid down in Hitchcocks New Directory." (Sic).

That directory in turn provides inter alia:—

"The connection between pastor and people is sometimes. made for a specified and limited time. But more generally—now almost universally—for an indefinite time, to be dissolved at the option of either party, by giving three months' notice; or otherwise by mutual agreement."

The evidence indicates that the verbal agreement between the parties was based upon the Constitution and Bylaws of defendant, The Shiloh Baptist Church, which were then in full force and effect; that at a congregational meeting held on October 5, 1946, the Board of Deacons proposed "that the church ask Rev. Bobo for his resignation effective in 90 days, beginning on October 6", which proposal failed because of a tie vote of 46 to 46; that in the month of November, 1946, the members of defendant church were notified by postcard bearing the signatures of three officials thereof that "a special meeting will be held at the Shiloh Baptist Church on Wednesday, November 27, 1946, at 7:30 P. M. for the purpose of declaring the pulpit vacant immediately", which declaration of vacancy failed because insufficient votes were cast in favor of it; that at another congregational meeting held on March 1, 1946, at which 25 members of the total approximate membership of 400 were present, a motion declaring the pulpit vacant "immediately" was adopted by a vote of 15 to 8.

Of course it is conceded that defendants refused to pay to plaintiff salary for the three month period to which reference has been made, and there is evidence that the locks on defendant church were changed and he wasn't permitted to enter such church to perform his ministerial or pastoral duties, which he alleged and testified he has been ready, willing and able to perform at all times since his dismissal.

As was said by the trial judge in his opinion "there is some evidence here that the Minister said it was all right with him; even the minutes were written up that way".

But like the trial judge and counsel for defendants, who admitted in open court that the relationship between the parties was not severed by mutual consent, we "certainly can't find the elements of mutual consent present", nor that "under this evidence that there was a severance by mutual consent"; and further like the trial judge we believe "that the contract was violated".

While counsel for defendants contend that the trial judge erred in six specific respects designated as grounds of error, yet by brief he says "there is one and only one question involved in this case. There is no middle ground. Either Judge Jenkins was absolutely right in the judgment which he entered in this case, or he was dead wrong".

We answer that question and thereby dispose of each and all of defendants' assigned grounds of error by saying that in our opinion "Judge Jenkins was absolutely right in the judgment which he entered in this case" upon his finding that acting in accordance with the provisions of Article IX

of its Constitution and Bylaws, which he held and we affirm superseded and negatived Section 1 of Article IV thereof, defendant church had adopted Hiscox's New Directory "in toto" which thereby became a part of its Constitution and Bylaws.

In the absence of contrary provisions in Hiscox's New Directory or the Constitution and Bylaws of defendant church providing for service of notice of dismissal upon plaintiff in our opinion the provisions for service of notice of dismissal presupposes payment of compensation to plaintiff for services rendered to defendants during the interim between receipt of such notice and termination of such service; and so failure to serve plaintiff with such notice of dismissal and denial to him of the right to perform such services in our opinion presupposes the election of defendants to pay plaintiff the salary stipulated by the parties in lieu of permitting him to work during such interim when he is willing, able and ready to perform such service during such interim.

The contract between the parties not having been dissolved by mutual consent, and it being clear that defendant did not give plaintiff the required three months notice of dismissal, in lieu thereof they must, as the trial judge held, pay him three months salary fixed by the parties at $150.00 per month plus $79.17, the amount for which defendants offered to confess judgment.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.